UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CHESTRA, | 2:24-cv-2376-CKD P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| W. BRODIE, et al., | |
| Defendants. | |

Plaintiff Robert Chestra, a state prisoner, proceeds without counsel on a civil rights complaint brought under 42 U.S.C. § 1983. Plaintiff paid the filing fee. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). For the reasons set forth below, the complaint fails to state a claim and should be dismissed without leave to amend.

**I.     Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

////

1

## II.   Allegations in the Complaint

On March 1, 2023, plaintiff paid the filing fee for Chestra v. Raman, Case No. 15-CV-00560-VC, a case then pending in the Northern District of California. (ECF No. 1 at 7.) Subsequently, further payments for the same case continued to be deducted from plaintiff's inmate trust account at California Medical Facility ("CMF"), except that the case was listed as "#15-CV-00560-VC-(PR), which does not exist." (Id. at 7-8.)

Plaintiff explained to defendant John Doe #1 at the Trust office at CMF that he had paid the filing fee in full, but defendant John Doe #1 ignored the information and continued to take money from plaintiff's trust account. (ECF No. 1 at 7.) Defendant Brodie denied plaintiff's 602 grievance on grounds that "[t]he claimant's PLRA case number 15-CV-00560-VC-(PR) differ from 3:15-CV-00560-VC." (Id. at 8.) Plaintiff's attorney contacted the Clerk of Court for the Northern District of California who informed plaintiff's attorney "there [was] no such case number [for 15-CV-00560-VC-(PR)] authorizing monthly payments to the court." (Id. at 8-9.) Plaintiff filed an appeal containing the information received from the Clerk of the Court for the Northern District of California, but defendant Moeckly rejected the appeal, finding "this case does belong to the appellant." (Id. at 9.)

Plaintiff alleges the defendants' actions violated his Fourteenth Amendment right to due process of law and extortion laws. (ECF No. 1 at 12.) Plaintiff seeks monetary damages and injunctive relief. (Id.)

## III.   Discussion

Neither the negligent nor intentional deprivation of property states a due process claim under 42 U.S.C. § 1983 if the deprivation was random and unauthorized. See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (no due process violation where state employee negligently lost prisoner's hobby kit) (overruled in part on other grounds); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (unauthorized intentional destruction of inmate's property not a due process violation where the state provides an adequate post-deprivation remedy). Instead, a due process claim may lie for deprivation of property when the official acted pursuant to an established procedure. See Zimmerman v. City of Oakland, 255 F.3d 734, 738 (9th Cir. 2001). The distinction exists because

pre-deprivation procedures are impracticable when deprivations of property occur through random and unauthorized conduct of a state employee since the state cannot know when such deprivations will occur. Hudson, 468 U.S. at 533.

Under plaintiff's allegations, the alleged deprivation of his property is unauthorized because he alleges the trust account deductions are based on a fake case without any corresponding authorization from a court for monthly payments. No due process claim lies because the availability of an adequate state post-deprivation remedy provides sufficient procedural due process. See Zinermon v. Burch, 494 U.S. 113, 128 (1990). Specifically, California provides an adequate post-deprivation remedy in the form of the Government Claims Act. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing Cal. Gov't Code §§ 810-895). The availability of California's Government Claims Act as a postdeprivation remedy satisfies due process under the circumstances, and, accordingly, no due process claim lies. See Parratt, 451 U.S. at 538.[1]

Plaintiff also fails to state an extortion claim because he has no private cause of action against the defendants for extortion. "Civil causes of action… do not generally lie under the criminal statutes contained in Title 18 of the United States Code." Del Elmer; Zachay v. Metzger, 967 F. Supp. 398, 403 (S.D. Cal. 1997); see also Abcarian v. Levine, 972 F.3d 1019, 1026 (9th Cir. 2020) (no private cause of action for extortion under the Hobbs Act). This court lacks jurisdiction to entertain an extortion claim brought by a private individual rather than a government agency. See McKeague v. Matsuura, No. CIV 08-00571 ACK KSC, 2009 WL 89112, at *1 (D. Haw. Jan. 12, 2009) ("To the extent that Plaintiff alleges that any of Defendants' actions are criminal and violate federal criminal statutes involving fraud, extortion, grand theft, conspiracy, and conversion, the Court lacks jurisdiction to hear allegations of criminal conduct that are brought by private individuals rather than a governmental agency.") (citing United States v. Nixon, 418 U.S. 683, 693 (1974)).

---

[1] To any extent the United States District Court for the Northern District of California did authorize the payments at issue, then plaintiff's remedy, if any, is to seek a refund of any overpayment of funds from the Northern District of California.

3

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). If, however, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995). In this instance, amendment would be futile because plaintiff cannot state a due process claim based on the unauthorized deprivations alleged. Accordingly, plaintiff's complaint should be dismissed without leave to amend. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

### IV.     Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English. It is not intended as legal advice.

Your allegations do not state a due process claim because California provides an adequate postdeprivation remedy through the Government Claims Act for any unauthorized deductions from your trust account. Thus, it is being recommended that your case be dismissed without leave to amend. If you disagree, you have 14 days to inform the court. Label your explanation "Objections to the Magistrate Judge's Findings and Recommendations" and state the specific facts you could allege to state a claim.

### V.     Order and Recommendation

For the reasons set forth above, IT IS HEREBY ORDERED that the Clerk of the Court shall assign a district judge to this case.

In addition, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's complaint be dismissed without leave to amend for failure to state a claim.
2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 23, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, ches2376.scrn.fr